UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMBRA HOGAN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>NAPA COUNTY DISTRICT ATTORNEY, et al.,<br><br>    Defendants. | Case No. 22-cv-04052-JSC<br><br>**SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 1 |

The Court previously granted Plaintiffs' Application to Proceed in Forma Pauperis. (Dkt. No. 5.)[1] It must now review the complaint's allegations under 28 U.S.C. § 1915. Because Plaintiffs' claims do not comply with Federal Rule of Civil Procedure 8, the Court gives Plaintiffs the opportunity to amend the complaint.

**COMPLAINT ALLEGATIONS**

Tambra Hogan and Keith Rivers allege that, after a September 2021 altercation with Victor Ramon Fregoso,[2] Defendants have failed to pursue justice against Mr. Fregoso, failed to treat Plaintiffs as victims, and discriminated against Plaintiffs on the basis of race. (Dkt. No. 1.) Plaintiffs cite the Fourteenth Amendment to the U.S. Constitution, Art. I § 7 of the California Constitution, and a list of federal and state statutes. (*Id.* at 5.) They also describe violations of Marsy's Law, negligence, intimidation, abuse of power, intentional infliction of pain, mental distress, pain and suffering, retaliation, and prosecutorial misconduct. (Dkt. No. 1-1 at 1.)

They name as Defendants the Napa County District Attorney; County of Napa; District

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] According to Mr. Rivers' complaint in the related case, Mr. Fregoso is his neighbor.

1 Attorney Jennifer Allison Haley, Veronica Vo, and Shashawnya Janice Worley; Napa County
2 Courts; Public Defender Douglas Corby Skelton; CEO of Napa Minh Tran; Napa County
3 Supervisor Belia Ramos; American Canyon Mayor Leon Garcia; American Canyon Vice Mayor
4 Mariam Aboudamous; American Canyon Police Department Chief Rick Greenberg; District
5 Attorney Victim Advocate Irma Luna; and Risk Manager Kerry John Whitney.

A related case brought by Mr. Rivers is proceeding against American Canyon Police Department Sergeant Jeff Scott and Officer Wagoner. (Case No. 22-cv-01576-JSC, Dkt. No. 10.) The only live claim is a Section 1983 equal protection claim related to Mr. Rivers' arrest on November 5, 2021. (*Id.* at 3–5.)

**LEGAL STANDARD**

A court must dismiss an *in forma pauperis* complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6) regarding dismissals for failure to state a claim. *See id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Moss v. Infinity Ins. Co.*, No. 15-CV-03456-JSC, 2015 WL 5360294, at *2 (N.D. Cal. Sept. 14, 2015). "While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it rests.'" *Coleman v. Beard*, No. 14-CV-05508-YGR (PR), 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A complaint that fails to state a defendant's specific acts "that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a)." *Medina Chiprez v. Becerra*, No. 20-CV-

2

00307-YGR (PR), 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (citing *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

Plaintiffs are proceeding without representation by a lawyer. While the Court must construe the complaint liberally, *see Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984), it may not add to the factual allegations in the complaint, *see Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this District. *See* N.D. Cal. Civ. L.R. 3-9(a).

## DISCUSSION

Plaintiffs' complaint does not comply with Rule 8 because it does not allege enough facts, in enough detail, to give Defendants fair notice of the basis for their claims. The complaint refers to an interaction with Mr. Fregoso and related actions by Defendants, but it does not explain with specificity why Plaintiffs believe the actions were unlawful or which particular Defendants violated Plaintiffs' rights with each action. The complaint must set forth specific factual allegations that, if assumed true, would allow the Court to draw the reasonable inference that each Defendant is liable for the misconduct alleged.

Additionally, Plaintiffs' claims against the Napa County District Attorney and District Attorneys Ms. Haley, Ms. Vo, and Ms. Worley may be barred by absolute immunity. Prosecutors have "absolute immunity from damages liability for actions intimately associated with the judicial phase of the criminal process, such as the prosecutor's initiation of a prosecution and presentation of the state's case." *Torres v. Goddard*, 793 F.3d 1046, 1051 (9th Cir. 2015) (cleaned up). The immunity applies when the prosecutor is "performing the traditional functions of an advocate." *Id.* (cleaned up). Based on Plaintiffs' allegations about Ms. Worley's statements in court and Ms. Haley and Ms. Vo's decision to drop felony charges against Mr. Fregoso, which are related to their prosecutorial functions, the claims against them may be barred.

## CONCLUSION

For the reasons explained above, Plaintiffs' claims are not sufficiently alleged under 28 U.S.C. § 1915. If Plaintiffs believe they may cure the deficiencies, or at least some of the deficiencies, they may file an amended complaint on or before **November 22, 2022**. The Court

3

cannot refer to prior pleadings to make an amended complaint complete. Thus, Plaintiffs' amended complaint must be complete in itself because it replaces the previously filed complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

The Court encourages Plaintiffs to seek free assistance from the Northern District's Legal Help Center; they should make a telephone appointment by calling (415) 782-8982 or emailing fedpro@sfbar.org. Finally, Plaintiffs are warned that failure to comply with the Federal Rules of Civil Procedure, the Local Rules, or any court order could result in dismissal of their complaint. Similarly, failure to file an amended complaint that cures the above-identified deficiencies could also lead to dismissal of their complaint.

**IT IS SO ORDERED.**

Dated: October 24, 2022

JACQUELINE SCOTT CORLEY
United States District Judge